IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:20-cr-16 |
| DAVID HAMILTON SHARPE, | |
| Defendant. | |

**O R D E R**

Defendant David Hamilton Sharpe has filed three pending motions following his conviction and sentence before this Court.

The first of these motions is a Motion to Compel Defense Counsel to Surrender the Case File in the Above Styled action to the Defendant of this Case.  (Doc. 1473.)  Having heard from Defendant's counsel in response to this motion, it appears the counsel has complied with their obligations as it pertains to Defendant's request.  Accordingly, the Court **DENIES** this motion, (doc. 1473).

The second filing, Motion Pursuant to Federal Rules of Evidence 201 (A-End) Judicial Notice, contains what appears to be a legal treatise expounding on jurisdiction and ends with a request that the court take "judicial notice of all facts presented in the interest of fairness and the ends of justice."  (Doc. 1494.)  This motion is frivolous for a multitude of reasons.  Defendant asks the Court to take judicial notice of facts without any presenting any facts but instead a litany of questionable legal conclusions.  Moreover, Defendant's case was closed long before this motion, and no substantive motions were pending at the time he filed it.  Accordingly, the Court **DENIES** this motion, (doc. 1494).

Defendant's third filing, Petition Pursuant to Federal Rule of Civil Procedure 60(b)(4), 60(b)(6), and 28 U.S.C. 1651 for Emergency Relief from Void Judgment, requests, among other things, that the Court declare it did not have jurisdiction over his case and order his release from prison. (Doc. 1513.) The Government has moved to dismiss this motion. (Doc. 1514.)

The Court could construe Defendant's third motion as a request to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255.[1] However, before the Court can do so, it must provide the warning required by Castro v. United States, 540 U.S. 375, 383 (2003) ("the district court must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."). Pursuant to Castro, the Court warns Defendant that it will recharacterize his motion as a Section 2255 motion. If he chooses to proceed with these pleading as a Section 2255 motion, Defendant will lose his ability to file any successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit.

Defendant thus has three choices: (1) have his motion ruled upon as filed, but as a Section 2255 motion; (2) amend this motion to include any other claims he may have; or (3) withdraw the motion entirely. He has thirty days to decide what to do. If he does not thereafter affirm, supplement, or replace this motion or notify this Court of his intent to withdraw this motion, the Court will proceed to rule on it as a Section 2255 motion. Accordingly, the Court **DIRECTS** Defendant to make his Castro election within thirty days of the date of this Order. The Clerk is

---

1 The Government points out that the time for Defendant to file a Section 2255 Motion has long passed. (See doc. 1514.) The Court does not disagree but issues the Castro warning out of an abundance of caution. Nothing in this Order should be construed as tolling, waiving, or restarting Section 2255's statute of limitations or any other requirements.

2

**DIRECTED** to furnish Defendant with a Section 2255 motion form, should he wish to amend his motion, as well as a copy of his motion, (doc. 1513).

**SO ORDERED**, this 23rd day of July, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA